IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Jennifer Heard, | ) | |
| Plaintiff, | ) ) ) | Civil Action File No.: |
| v. | ) ) ) | |
| CF Medical, LLC, | ) ) | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.  Plaintiff, Jennifer Heard, is a natural person who resides in Hall County, Georgia.

1

2. Defendant, CF Medical, LLC ("CF Medical") is a limited liability company formed under the laws of the State of Nevada and registered to do business in Georgia. Defendant may be served with process via its registered agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintain a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay consumer debt arising out of a medical bill and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency that focuses on the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff had fallen behind on a number of bills and had received several collection contacts from Defendant.

13. On or about August 2, 2023, Plaintiff spoke via telephone to Defendant's agent, Commonwealth Financial.

14. Plaintiff informed Defendant's agent that she could not receive phone messages between the hours of 8:00am and 5:00 pm

15. Plaintiff sent a letter to Defendant's agent on or about October 25, 2023.

16. Defendant's agent received Plaintiff's letter on November 13, 2023.

17. In the letter, Plaintiff stated that she would not be making payments on the accounts which Defendant was trying to collect.

18. Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

19. Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

20. The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

21. The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

22. Yet, Defendants continued to attempt to collect a debt from Plaintiff for the same account by sending collection texts to Plaintiff attempting to collect this debt on April 25, 2024 at 8:51 a.m., among others.

23. Defendant's actions caused Plaintiff anxiety, annoyance, and worry that she would continue to be harassed by debt collectors during inconvenient hours.

24. Plaintiff took time out of her day to seek the advice of counsel regarding the Defendant's collection attempts.

## INJURIES-IN-FACT

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. Defendants have subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she suffered worry, annoyance, and anxiety by the collection agency attempting to collect payment from her during inconvenient hours, and also that she took time to discuss this debt with counsel in response to the calls.

30. Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

31. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

32. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that she would continue to receive debt collection contacts;

d.)     Invasion of privacy.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

*Violations of 15 U.SC. § 1692c and subparts*

34. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

35. Defendant had direct and actual knowledge that the Plaintiff was not able to receive phone calls during the hours which Defendant called Plaintiff.

36. Defendant's call(s) as described herein violated 15 U.S.C. § 1692c(a).

*Violations of 15 U.SC. § 1692d and subparts*

37. Defendant's phone calls to Plaintiff during hours which Defendant knew Plaintiff could not receive phone calls were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

38. Defendant's conduct violated 15 U.S.C. § 1692d.

39. As a result of Defendant's violations of the FDCPA, Defendants are liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

40. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k ;

d.) and

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 20th day of November, 2024.

**BERRY & ASSOCIATES**

>*/s/ Matt Berry*
>Matthew T. Berry
>Georgia Bar No.: 055663
>*matt@mattberry.com*
>2751 Buford Highway, Suite 600
>Atlanta, GA 30324
>Fax (404) 235-3333
>
>*/s/ Chris Armor*
>Christopher N. Armor
>Georgia Bar No. 614061
>P.O. Box 509
>Londonderry, Vermont 05148
>Phone 651-208-6441
>Fax 404-592-6102
>*chris.armor@armorlaw.com*
>Plaintiff's Attorneys